1   ALAN HIMMELFARB - SBN 90480
    ahimmelfarb@kamberedelson.com
2   KAMBEREDELSON, LLP
    2757 Leonis Boulevard
3   Vernon, California 90058
    Telephone: (323) 585-8696
4   Fax:  (323) 585-8198

5   JAY EDELSON (jedelson@kamberedelson.com)
6   MICHAEL J. ASCHENBRENER (maschenbrener@kamberedelson.com)
    BENJAMIN H. RICHMAN (brichman@kamberedelson.com)
7   KAMBEREDELSON, LLC
    350 North LaSalle Street, Suite 1300
8   Chicago, Illinois 60654
    Telephone: (312) 589-6370
9   Fax: (312) 589-6378

10
    ATTORNEYS FOR PLAINTIFF
11

12                      **UNITED STATES DISTRICT COURT**

13                      **CENTRAL DISTRICT OF CALIFORNIA**

14  STEWART RESMER, an individual, on        )   Case No. CV09-8497MMM   VBKx
15  behalf of himself and all others similarly )
    situated,                                  )
16                                             )   **COMPLAINT FOR:**
                                               )
            Plaintiff,                         )
17                                             )   1.  Violation of California Auction
18  v.                                         )       Law, Cal. Civ. Code
                                               )       § 1812.608(h)(2)
19  OVERSEE.NET, INC., a California            )   2.  Violations of Cal. Civ. Code
    corporation, and SNAPNAMES.COM, INC.,      )       §§ 1572, 1573, 1709, & 1710
20  an Oregon Corporation,                     )   3.  Violation of Cal. Bus. & Prof.
                                               )       Code § 17200 et seq.
21          Defendants.                        )   4.  Breach of Fiduciary Duty
                                               )   5.  Fraudulent Concealment
22                                             )   6.  Restitution/Unjust Enrichment
                                               )
23                                             )   DEMAND FOR JURY TRIAL
                                               )
24                                             )   **CLASS ACTION**
                                               )                      BY FAX
25                                             )
                                               )
26                                             )
                                               )
27

28
    COMPLAINT

1    Plaintiff, by his attorneys, upon personal knowledge as to himself and his own acts

2    and upon information and belief as to all other matters, alleges as follows:

3                              **NATURE OF THE ACTION**

4        1.      Plaintiff Stewart Resmer ("Plaintiff" or "Mr. Resmer") brings this class action

5    complaint against Defendants Oversee.net, Inc. ("Oversee.net" or "Oversee") and

6    SnapNames.com, Inc. ("SnapNames.com" or "SnapNames") (collectively, "Defendants") for

7    Defendants' practice of artificially inflating the prices in its auctions for expired domain

8    names.

9        2.      SnapNames, which is wholly owned by Oversee, is the largest online auction

10   site at which to purchase expiring domain names.

11       3.      On or about November 4, 2009, SnapNames admitted that one of its

12   employees bid in a significant percentage of its auctions from 2005 through 2009.

13       4.      As a result, Defendants benefited from increased auction purchase prices.

14                                    **PARTIES**

15       5.      Plaintiff Stewart Resmer is a resident of Los Angeles, California.

16       6.      Defendant Oversee.net, Inc. specializes in services related to domain names

17   and is the parent company of SnapNames.  It is a California corporation headquartered in Los

18   Angeles County, California at 515 South Flower Street, Los Angeles, California 90071.

19   Oversee.net, Inc. does business throughout the State of California and the nation.

20       7.      Defendant SnapNames.com, Inc. conducts online auctions to allow the

21   purchase of expired Internet domain names.  It is an Oregon corporation headquartered in

22   Multnomah County, Oregon at 1600 SW 4th Avenue, Suite 400, Portland, Oregon 97201.

23   SnapNames.com, Inc. does business throughout the State of California and the nation.

24                          **JURISDICTION AND VENUE**

25       8.      This Court has jurisdiction over the subject matter of this action pursuant to

26   28 U.S.C. §§ 1332(d), because (a) at least one member of the putative class is a citizen of a

27

28

COMPLAINT

state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9.      There is minimal diversity between the proposed Class and Defendants. Every person in the United States who participated in a SnapNames auction is a member of the proposed Class, and SnapNames offered hundreds of thousands of auctions over the internet affecting individuals across the fifty states.  There is a reasonably presumption that there is at least one member of the proposed class who is a citizen of a state besides California or Oregon.  Consequently, Plaintiff has established minimal diversity between Defendants and at least one class member, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(d)(2).

10.     Personal jurisdiction and venue are proper because Oversee.net is a corporation headquartered in Los Angeles County and/or because the improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated or exported from California.

## FACTS RELATING TO DEFENDANTS

11.     SnapNames.com was formed in 2000 and was acquired by Oversee.net in 2007.

12.     SnapNames conducts auctions to resell domain names.

13.     SnapNames acquires expired domain names primarily from domain registrars, including Dotster, Register.com, Melbourne IT, DotRegistrar, Domain People, Moniker, DirectNIC, and others.

14.     Domain registrars are the companies that manage the reservation of Internet domain names.

15.     Domain names are often purchased for limited time periods.  (E.g., for a one-year period.)   If the registrant chooses not to renew the domain name registration, then the domain name may become available for repurchase by the public.

16.     Because domain name registrars control the reservations of domain names, they are uniquely positioned to control the reselling of domain names.

17.     Many domain name registrars, among others, turn to SnapNames to facilitate the resale of domain names.

18.     When a domain name is released to SnapNames, it places the domain name up for auction online and allows the public to bid on the domain name.  In many ways, this operates much like the sale of foreclosed homes, which is an apt comparison because domain names are the Internet equivalent of real estate—build your business at a good address, be it physical or electronic, and you have a much greater likelihood of success.  For this reason, Internet domain names can be incredibly valuable.

19.     Unfortunately for many SnapNames bidders, including Plaintiff, a frequent bidder in many SnapNames auctions was a SnapNames employee who went by the bidding name "halvarez."

20.     halvarez bid in approximately 50,000 auctions or more from 2005 through 2009, thereby artificially raising the sale prices in these auctions and causing the bidders to spend thousands, if not millions of extra dollars.  This is analogous to the bank that owns foreclosed homes secretly bidding in its own auctions to artificially increase the final amount paid by the winning bidder.

21.     In most auctions, halvarez was not the winning bidder—he merely drove up the final price.  In some other auctions, halvarez was the winning bidder and then arranged to be reimbursed by SnapNames.

22.     The shill bidding occurred primarily in 2005, 2006, and 2007, but also occurred in 2008 and 2009.

COMPLAINT

23.     For years, users have complained about halvarez's bidding activity, but SnapNames specifically and explicitly denied that halvarez was a company employee:[1]

> This comes up every once in a while where certain prodigious customers at SnapNames are accused of being actually SnapNames itself. This is not the case. SnapNames has not and will not ever participate in an auction it itself is running as an anonymous bidder. We have never done any shill bidding or granted any auction participant any sort of discount or rebate. The price displayed is the price paid, for everyone, Halvarez included. Please email me direct (kjel-at-snapnames.com) with any questions.
> _____
> www.SnapNames.com

24.     On or about November 4, 2009, SnapNames released a statement admitting that one of its employees engaged in shill bidding during this time frame.  It also offered to partially compensate some, but not all affected bidders.  Defendants' insufficient refund process requires bidders to sign comprehensive liability waivers in exchange for inadequate compensation.

25.     SnapNames' earlier denial that halvarez was an employee or that SnapNames was engaged in shill bidding were false statements.  Reports indicate halvarez's real name is Nelson Brady, former Vice President of Engineering for SnapNames.

**FACTS RELATING TO PLAINTIFF**

26.     On July 21, 2006, Mr. Resmer participated in a SnapNames auction for the domain name "wedriveyou.com."

27.     On that date, a SnapNames employee using the screen name "halvarez" also participated in that auction.

28.     Mr. Resmer won the auction for the domain name "wedriveyou.com."

29.     Mr. Resmer's winning bid for the domain name "wedriveyou.com" was $80.00.

_____

[1]     http://www.dnforum.com/f557/important-message-snapnames-5-thread-197282.html#post1337656

30.     Had halvarez not participated in the "wedriveyou.com" auction, the winning bid for the "wedriveyou.com" domain name would have been $60.00, rather than the $80.00 paid by Mr. Resmer.

31.     Mr. Resmer overpaid a minimum of $20.00 as a result of halvarez's participation in the auction.

### FACTS RELATING TO PLAINTIFF'S FRAUD CAUSES OF ACTION

32.     On July 21, 2006, at the website www.snapnames.com, a SnapNames employee, utilizing the screen name "halvarez," by virtue of his participation in the auction of the "wedriveyou.com" domain name, falsely represented that he was an individual unrelated and unassociated with SnapNames, and was independently participating as a member of the public in the bidding for the "wedriveyou.com" domain name.

33.     Each bid made by halvarez on July 21, 2006, in the "wedriveyou.com" auction was a fraudulent bid.   halvarez had no intention or desire to actually win the "wedriveyou.com" auction.  With each bid, halvarez sought only to increase the final price paid by the winning bidder.  halvarez was not participating in the auction as an individual unrelated and unassociated with SnapNames, nor independently participating as a member of the public in the bidding for the "wedriveyou.com" domain name.

34.     halvarez intended that Mr. Resmer rely upon the representations that halvarez's bids were legitimate bids from an independent member of the public unaffiliated with SnapNames, and that halvarez's actions in bidding were motivated by a desire to prevail in the domain name auction in order to place a winning bid for the best possible price, rather than the motivation to inflate the auction price in an attempt to force Mr. Resmer to pay a higher price for the domain than he would have otherwise.

35.     halvarez did not disclose that he was bidding for the purpose of inflating the prices that legitimate bidders would pay, and that if he, halvarez, actually ended up as the

COMPLAINT

6

1  winning bidder, he would be reimbursed for the bid price.  halvarez had no intention of being

2  the winning bidder when he placed his bids.

3       36.     The above-described conduct engaged in by halvarez with respect to the

4  "wedriveyou.com" domain name auction on July 21, 2006 was identically engaged and

5  repeated in approximately 50,000 other auctions over a period of five years.  halvarez utilized

6  the same means, motivations, and methods in each of the thousands of other auctions as he

7  used in the "wedriveyou.com" auction.

8  **CLASS ALLEGATIONS**

9       37.     Plaintiff Resmer brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and

10  23(b)(3) on behalf of himself, a Class, and a sub-Class of all others similarly situated defined

11  as follows:

12       **The Global Effect Class**: All individuals and entities in the United States who
   bid in any SnapNames.com auction for Internet domain names during the time

13       when SnapNames.com or Oversee.net employees or agents bid without disclosing

14       that fact to the bidders (approximately January 1, 2005) through and including
   November 4, 2009.

15       **The Direct Effect Sub-Class**: All individuals and entities in the United States (1)

16       who bid in one or more SnapNames.com auctions for Internet domain names in
   which a SnapNames.com or Oversee.net employee or agent, including but not

17       limited to the employee known as "halvarez," bid without disclosing that fact to

18       the bidders, (2) whose bidding was affected by the employee bidding, and (3) who
   have not received complete compensation for any damage incurred as a result of

19       the employee bidding.

20

21  Excluded from the Classes are 1) Defendants, their legal representatives, assigns, and

22  successors, and any entity in which Defendants have a controlling interest; 2) any judge to

23  whom this case is assigned and those judges' immediate families; and, 3) any attorney who

24  appears in a case concerning the conduct alleged herein and those attorneys' immediate,

25  blood, and marital family members.

26

27

28

COMPLAINT

38.     The Classes consist of thousands of individuals and other entities, making joinder impractical.

39.     Plaintiff's claims are typical of the claims of all of the other members of the Classes.  Each Class member was affected in the same way as Plaintiff Resmer: an employee of Defendants secretly bid in SnapNames.com auctions, thereby affecting the purchase price and the bidding of sub-Class members and Class member bidders generally.

40.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Classes.

41.     Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

42.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

43.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' wrongful conduct.

COMPLAINT

44.     There are many questions of law and fact common to Plaintiff's claims and the claims of the other members of the Classes. Common questions for the Classes include but are not limited to the following:

  a) the means and methods by which one or more of Defendants' employees participated in Defendants' auctions;

  b) whether Defendants' conduct described herein constitutes a violation of California Auction Law, Cal. Civ. Code § 1812.608(h)(2);

  c) whether Defendants' conduct described herein constitutes a violation of Cal. Civ. Code §§ 1572, 1573, 1709, and 1710;

  d) whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code § 17200 et seq.;

  e) whether Defendants' conduct described herein constitutes fraudulent concealment; and

  f) whether Defendants' conduct described herein permitted Defendants to unjustly receive money belonging to Plaintiff and the Classes, and whether under principles of equity and good conscience, Defendants should not be permitted to retain it.

45.     The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

46.     Plaintiff reserves the right to revise the Class definitions based on facts learned in discovery.

COMPLAINT

9

# FIRST CAUSE OF ACTION

## Violation of California Auction Law, Cal. Civ. Code § 1812.608(h)(2)

### (On behalf of Plaintiff and both Classes)

47.     Plaintiff incorporates by reference the foregoing allegations.

48.     A violation of Cal. Civ. Code § 1812.608(h)(2) occurs when an auction company "[c]ause[s] or allow[s] any person to bid at a sale for the sole purpose of increasing the bid on any item or items being sold by the auctioneer" and includes instances in which the auction company "[a]llow[s] the owner, consignor, or agent thereof, of any item or items to bid on the item or items, without disclosing to the audience that the owner, consignor, or agent thereof has reserved the right to so bid."

49.     Defendants Oversee.net and SnapNames.com are both "auction companies" as defined by Cal. Civ. Code § 1812.601(c).

50.     Defendants Oversee.net and SnapNames.com both conduct "auctions" as defined by Cal. Civ. Code § 1812.601(b).

51.     "halvarez" was an "employee" of Defendants during the relevant time period as defined by Cal. Civ. Code § 1812.601(e).

52.     Defendants Oversee.net and SnapNames.com are "employers" as defined by Cal. Civ. Code § 1812.601(f).

53.     Plaintiff Resmer is a "person" as defined by Cal. Civ. Code § 1812.601(h).

54.     Defendants Oversee.net and SnapNames.com caused or allowed their employee known as "halvarez" to bid at thousands of their Internet domain name auctions for the sole purpose of inflating the bidding price on such domain names without disclosing that halvarez was an employee of Defendants.

55.     Defendants' violations of § 1812.608(h)(2) have caused injury to Plaintiff and the Classes by increasing the prices they paid for Internet domain names sold through SnapNames auctions.

COMPLAINT

**SECOND CAUSE OF ACTION**

**Violations of Cal. Civ. Code §§ 1572, 1573, 1709, & 1710**

**(On behalf of Plaintiff and both Classes)**

61.    Plaintiff incorporates by reference the foregoing allegations.

62.    Cal. Civ. Code § 1709 prohibits willful deception of another with intent to induce a detrimental change in position.

63.    Cal. Civ. Code § 1710 provides in relevant part that "deceit within the meaning of [§ 1709], is . . . [t]he suppression of a fact, by one who is bound to disclose it . . . ."

64.    Cal. Civ. Code § 1572 provides in relevant part that actual fraud exists when a party to a contract suppresses "that which is true, by one having knowledge or belief of the fact" "with intent to deceive another party thereto, or to induce him to enter into the contract."

65.    Cal. Civ. Code § 1573 provides in relevant part that constructive fraud exists "[i]n any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

66.    Defendants violated §§ 1710(3), 1572(3), and 1573(2) by suppressing the fact that their auctions involved systematic shill bidding, as described above.

67.    Plaintiff and the other members of the Classes suffered damages as a direct and proximate result of Defendants' suppression of shill bidding and fraud, both actual and constructive, alleged herein.

68.    Pursuant to Cal. Civ. Code § 1709, Defendants Oversee.net and SnapNames.com are liable for any damage that was proximately caused to Plaintiff and the other members of the Classes by Defendants' deceit.

69.    Plaintiff, on behalf of himself and the Classes, seeks damages from Defendants Oversee.net and SnapNames.com, including but not limited to disgorgement of

COMPLAINT

1   all proceeds Defendants Oversee.net and SnapNames.com obtained from its unlawful

2   business practices, reimbursement to winning bidders in an amount equal to the difference

3   between the last good faith bid prior to the completion of the sale and what the winning

4   bidder finally paid for the domain name, as well as pre-judgment interests and costs.

**THIRD CAUSE OF ACTION**

**Violation of Cal. Bus. & Prof. Code § 17200,** *et seq.*

**(On behalf of Plaintiff and both Classes)**

8       70.     Plaintiff incorporates by reference the foregoing allegations.

9       71.     Defendants' acts and practices as alleged herein constitute unlawful, unfair,

10  and/or fraudulent business practices in violation of California's Unfair Competition Law,

11  Cal. Bus. & Prof. Code § 17200, *et seq*.

12      72.     Defendants Oversee.net and SnapNames.com engaged in unlawful business

13  practices by, among other things:

14              a.      engaging in conduct, as alleged herein, that violates the California

15                      Auction Law, Cal. Civ. Code § 1812.608(h)(2);

16              b.      engaging in conduct, as alleged herein, that violates Cal. Civ. Code

17                      §§ 1709, 1710, 1572, and 1573; and

18              c.      engaging in conduct that undermines or violates the stated policies

19                      underlying the California Auction Law, Cal. Civ. Code

20                      § 1812.608(h)(2) and Cal. Civ. Code §§ 1572, 1573, 1709, and 1710,

21                      each of which seek to protect consumers against unfair and sharp

22                      business practices and to promote a basic level of honesty and

23                      reliability in the marketplace.

24      73.     Defendants Oversee.net and SnapNames.com engaged in unfair business

25  practices by, among other things:

COMPLAINT

12

a.   engaging in conduct the utility of which is outweighed by the gravity of the consequences to Plaintiff and the Classes;

b.   engaging in conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and the Classes; and

c.   engaging in conduct that undermines or violates the stated policies underlying the California Auction Law, Cal. Civ. Code § 1812.608(h)(2) and Cal. Civ. Code §§ 1572, 1573, 1709, and 1710, each of which seek to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

74.   Defendants Oversee.net and SnapNames.com engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.  Defendants' fraudulent business practices include but are not limited to:

a.   failing to disclose the true facts about Defendants' employees participating in auctions as shill bidders;

b.   charging customers for artificially inflated bids for Internet domain names that would have been purchased for substantially lower prices if no shill bidding  had occurred;

c.   interfering with free, fair, and independent bidding on  Internet domain names by Defendants' customers; and

d.   charging customers fees for inflated bids.

75.   As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent acts, business practices, and conduct, Plaintiff and the other members of the Classes have suffered injury in fact and lost money in that, among other things:

a.    Plaintiff and the other members of the Classes would not have utilized Defendants' auction services; and

b.    Plaintiff and the other members of the Classes would have purchased Internet domain names for substantially lower prices.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (On behalf of Plaintiff and both Classes)

76.    Plaintiff incorporates by reference the foregoing allegations.

77.    Defendants held positions of trust and confidence with Plaintiff and the other members of the Classes.

78.    Defendants abused their positions of trust and confidence to further their private interests by engaging in shill bidding.

79.    Defendants acted with fraud, oppression, and/or malice.

80.    Plaintiff and the other members of the Classes have sustained losses as a direct and proximate result of Defendants' wrongful actions described herein in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Fraudulent Concealment

### (On behalf of Plaintiff and both Classes)

81.    Plaintiff incorporates by reference the foregoing allegations.

82.    Fraudulent concealment occurs when a defendant conceals or fails to disclose a material fact during a transaction with intent to defraud the victim and has a duty to disclose the material fact.

83.    Plaintiff conducted a transaction with Defendants when he purchased an Internet domain name from them.

84.     Defendants concealed or failed to disclose that one of Defendants' employees bid in the same auction solely to inflate the winning price of the domain name Plaintiff purchased, thereby intentionally defrauding Plaintiff of the difference between the inflated amount he paid for the domain name and the price he would have paid absent Defendants' conduct alleged herein.

85.     Defendants had a fiduciary duty to Plaintiff and a duty under Cal. Civ. Code § 1812.608(h)(2) to disclose that one of Defendants' employees was bidding against Plaintiff in Defendants' auction solely to inflate the final purchase price of the Internet domain name Plaintiff purchased.

86.     Plaintiff was unaware at the time of the transaction that one of Defendants' employees was bidding in the auction for the domain name he purchased.

87.     Plaintiff would not have acted as he did—paying an inflated amount due solely to the fraudulent concealment by Defendants of their employee's bidding—had he known he was bidding against one of Defendants' employees.

88.     Plaintiff sustained financial damages of at least $20.00 as a result of Defendants' fraudulent conduct.

## SIXTH CAUSE OF ACTION

### Restitution/Unjust Enrichment

### (On behalf of Plaintiff and both Classes)

89.     Plaintiff incorporates by reference the foregoing allegations.

90.     Plaintiff and the Classes have conferred a benefit upon Defendants. Defendants have received and retained money belonging to Plaintiff and the Classes as a result of their shill bidding practices described herein.

91.     Defendants appreciate or have knowledge of said benefit.

COMPLAINT

92.     Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and the Classes that they unjustly received as a result of their actions.

93.     Plaintiff and the Classes have suffered loss as a direct result of Defendants' conduct.

94.     Plaintiff, on his own behalf and on behalf of the Classes, seeks the imposition of a constructive trust on and restitution of the proceeds Defendants' received as a result of their conduct described herein, as well as attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stewart Resmer, on behalf of himself and the Classes, prays for the following relief:

A.     Certify this case as a class action on behalf of the Classes defined above, appoint Stewart Resmer as class representative, and appoint his counsel as class counsel;

B.     Declare that Defendants' actions, as set out above, violate California Auction Law, Cal. Civ. Code § 1812.608(h)(2), Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Civ. Code §§ 1572, 1573, 1709, and 1710, and constitute fraudulent concealment and unjust enrichment;

C.     Disgorge Defendants of all revenue earned from SnapNames.com Internet domain name auctions during the Class period;

D.     Award Plaintiff and the Classes statutory damages;

E.     Award all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct, and if their conduct is proved willful, award Plaintiff and the Classes exemplary damages;

COMPLAINT

16

F.   Award restitution against Defendants for all money to which Plaintiff and the Classes are entitled in equity;

G.   Award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

H.   Award Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable;

I.   Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

J.   Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  November 18, 2009

KAMBEREDELSON, LLP

By: _____
ALAN HIMMELFARB
One of the Attorneys for Plaintiff

ALAN HIMMELFARB - SBN 90480
KAMBEREDELSON, LLP
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

JAY EDELSON
MICHAEL J. ASCHENBRENER
BENJAMIN H. RICHMAN
KAMBEREDELSON, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV09- 8497 MMM (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Alan Himmelfarb
KAMBEREDELSON, LLP
2757 Leonis Blvd., Los Angeles, CA 90058
(323) 585-8696, ahimmelfarb@kamberedelson.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART RESMER, an individual, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV09-8497 MMM VBKx |
| OVERSEE.NET, INC., a California corporation, and SNAPNAMES.COM, INC., an Oregon Corporation,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): <u>OVERSEE.NET, INC., and SNAPNAMES.COM, INC.</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Alan Himmelfarb, KamberEdelson</u>, whose address is <u>2757 Leonis Blvd., Los Angeles, CA 90058</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **1 8 NOV 2009**

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STEWART RESMER, an individual, on behalf of himself and all others
similarly situated

**DEFENDANTS**
OVERSEE.NET, INC., a California corporation, and SNAPNAMES.COM, INC.,
an Oregon Corporation,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Alan Himmelfarb, KAMBEREDELSON, LLP
2757 Leonis Blvd., Los Angeles, CA 90058
(323) 585-8696, ahimmelfarb@kamberedelson.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S.
                                     Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship
                                     of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

2:09 CV 09 - 8497

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles  - Plaintiff STEWART RESMER | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles - OVERSEE.NET, INC., | Oregon - SNAPNAMES.COM, INC., |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date November 18, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |