

William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Eileen M. Ahern (Bar. No. 216822)
eahern@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Defendants
Oversee.net and
SnapNames.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEWART RESMER, an individual, on
behalf of himself and all others similarly
situated,

              Plaintiff,

v.

OVERSEE.NET, INC., a California
corporation, and SNAPNAMES.COM,
INC., an Oregon corporation,

              Defendants.

Case No.:  CV09-8497-MMM-VBKx

**DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE
12(B)(6)**

Hearing Date:  March 15, 2010
Time:  10:00 a.m.
Judge:  Hon. Margaret M. Morrow
Location: Courtroom 780

TO THIS HONORABLE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on Monday, March 15, 2010, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 780 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, before the Honorable Margaret M. Morrow, pursuant to Fed. R. Civ. P. 12(b)(6), SnapNames.com, Inc. ("SnapNames") and Oversee.net ("Oversee") (collectively, "Defendants") move this Court to dismiss claims against them because the Complaint of plaintiff Stewart Resmer ("Plaintiff") lacks sufficient facts upon which a legal claim can be stated.

The basis for this Motion is as follows:  (1) Plaintiff fails to state a claim under the California Auction Act because, by its terms, the Act does not apply to Defendant's alleged conduct; (2) Plaintiff fails to state a claim for breach of fiduciary duty because Plaintiff has failed to plead facts sufficient to allege any fiduciary duty; (3) Plaintiff fails to state a claim for both statutory and common law fraudulent concealment because Plaintiff has failed to plead facts sufficient to allege any duty to disclose; (4) Plaintiff fails to state a claim under California Business & Professions Code section 17200 for alleged "unlawful, unfair, and/or fraudulent business practices" to the extent the claim purports to be predicated upon statutory violations and concealment, which Plaintiff has failed to adequately allege; (5) all of Plaintiff's claims against Oversee.net fail because he lacks Article III standing to pursue them.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    This Motion is supported by the attached Memorandum of Points and

2  Authorities, the records and papers on file in this action, such matters of which this

3  Court may take judicial notice, and upon such other evidence and oral argument as may

4  be considered by this Court before or at the hearing on this Motion.

5    Counsel for Plaintiff and Defendants met and conferred on January 4, 2010

6  regarding the present motion pursuant to Local Rule 7-3 but no agreement could be

7  reached regarding the present motion.

8

9  Dated: January 11, 2010                    WILLENKEN WILSON LOH & LIEB LLP

10

11

12                                            By: *s/William A. Delgado*
                                                  William A. Delgado
13                                                Attorneys for Defendants
                                                  Oversee.net and
14                                                SnapNames.com, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page No.**

MEMORANDUM OF POINTS AND AUTHORITIES......................................1

Preliminary Statement..........................................................................1

Statement of Relevant Facts.................................................................2

Argument..........................................................................................3

   I.  THE STANDARD FOR A RULE 12(B)(6) MOTION...........................3

   II. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO
      STATE CERTAIN CLAIMS.......................................................4

     A. Plaintiff Does Not Have Standing to Assert Any Claims Against
        Oversee......................................................................4

     B. Plaintiff Fails to State a Claim Under the California Auction Act.............6

     C. Plaintiff Fails to Sate a Claim for Breach of Fiduciary Duty....................9

     D. Plaintiff Fails to State a Claim for Either Statutory or Common Law
        Fraudulent Concealment.................................................10

     E. Plaintiff Fails to State a Claim for Violation of Business &
        Professions Code Section 17200 to the Extent the Claim is
        Premised upon Alleged Statutory Violations or a Concealment...............12

Conclusion......................................................................................14

# TABLE OF AUTHORITIES

**Page No.**

## Federal Cases

Allee v. Medrano,
  417 U.S. 802 (1974) ............................................................................................. 5

Ashcroft v. Iqbal,
  ___ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, __ (2009) ........................... 3

Cady v. Anthem Blue Cross Life and Health Ins. Co.,
  583 F. Supp. 2d 1102 (N.D. Cal. 2008) ................................................................ 4, 5

Cattie v. Wal-Mart Stores, Inc.,
  504 F. Supp. 2d 939  (S.D. Cal. 2007) ..................................................................... 6

Ewert v. eBay, Inc.,
  2008 WL 906162 at *1 (N.D. Cal.) ................................................................. 6, 7, 8

Friends of the Earth, Inc. v. Laidlaw Envtl. Servcs. (TOC), Inc.,
  528 U.S. 167 (2000) ............................................................................................... 4

Garcia v. Coleman,
  2008 WL 4166854 (N.D. Cal.) ......................................................................... 10, 11

Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,
  328 F. 3d 1122 (9th Cir. 2003) ............................................................................... 6

Headlands Reserve LLC v. Center for Natural Lands Management,
  523 F. Supp. 2d 1113 (C.D. Cal. 2007) ................................................................... 9

Henry v. Circus Circus Casinos, Inc.,
  223 F.R.D. 541 (D. Nev. 2004) ............................................................................... 5

In re Western States Wholesale Natural Gas Antitrust Litigation,
  619 F. Supp. 2d 1062 (D. Nev. 2008) ..................................................................... 5

Lopez v. Washington Mutual Bank,
  302 F.3d 900 (9th Cir. 2002) ................................................................................ 12

Matoff v. Brinker Restaurant Corp.,
  439 F. Supp. 2d 1035 (C.D. Cal. 2006) ................................................................... 3

Navarro v. Block,
  250 F. 3d 729 (9th Cir. 2001) ................................................................................. 3

Nelsen v. King County,
  895 F. 2d 1248 (9th Cir. 1990) ............................................................................... 5

*Parrish v. Nat'l Football League Players Inc.*,
   2007 WL 1624601, *4 (N.D. Cal. June 4, 2007)............................................ 9

*Quezada v. Loan Center of Cal., Inc.*,
   2009 WL 5113506 at *2, fn 2 (E.D. Cal.) ..................................................... 5

*Siemers v. Wells Fargo & Co.*,
   2006 WL 3041090 (N.D. Cal.) at *5 ............................................................. 4

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26, 40 n. 20 (1976)........................................................................ 5

*Sold Host v. Namecheap, Inc.*,
   2009 WL 2225726 at * 1 (C.D. Cal.) ........................................................... 2

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*,
   634 F. Supp. 2d 1009 (N.D. Cal. 2007)......................................................... 9

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ........................................................................ 3

*United States v. Bestfoods*,
   524 U.S. 51 (1998)......................................................................................... 6

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ...................................................................... 3

*Warth v. Seldin*,
   422 U.S. 490 (1975)...................................................................................... 5

**State Cases**

*Berryman v. Merit Property Managaement, Inc.*,
   152 Cal. App. 4th 1544 (2007) ............................................................ 12, 13

*Blickman Turkus LP v. MF Downtown Sunnyvale, LLC*,
   162 Cal. App. 4th 858 (2008) ............................................................. 10, 11

*Buckland v. Threshold Enterprises, Ltd.*,
   155 Cal. App. 4th 798 (2007) ................................................................... 10

*Committee On Children's Television, Inc. v. General Foods Corp.*,
   35 Cal.3d 197 (1983) .................................................................................... 9

*Daugherty v. American Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006) ................................................................... 13

*Kudokas v. Balkus*,
    26 Cal. App. 3d 744 (1972) ............................................... 11

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999) ............................................ 12

*Lingsch v. Savage*,
    213 Cal. App. 2d 729 (1963) ............................................ 10

*Lovejoy v. AT&T Corp.*,
    119 Cal. App. 4th 151 (2004) ........................................... 10

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,
    6 Cal. App. 4th 603 (1992) ............................................. 10

*Oakland Raiders v. Nat'l Football League*,
    131 Cal. App. 4th 621 (2005) ............................................ 9

## Rules

Fed. R. Civ. P. 8(a)(2) .......................................................... 3

Fed. R. Civ. P. 12(b)(6) ................................................... 2, 3, 14

Fed. R. Civ. P. 23 ................................................................ 5

## Statutes

Cal. Civ. Code § 1572 ..................................................... 1, 3, 13

Cal. Civ. Code § 1573 ..................................................... 1, 3, 13

Cal. Civ. Code § 1709 ........................................................ 1, 3

Cal. Civ. Code § 1710 ..................................................... 1, 3, 13

Cal. Civ. Code § 1812.601 *et seq.* ................................... passim

Cal. Civ. Code § 1812.608(h)(2) ........................................... 11

California Business & Professions Code § 17200 ................... passim

California Commercial Code § 9604 ........................................ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiff Stewart Resmer ("Plaintiff") brings a putative class action against defendants SnapNames.com, Inc. ("SnapNames") and Oversee.net ("Oversee") (collectively, "Defendants"), purporting to allege claims for breach of fiduciary duty, restitution/unjust enrichment, common law fraudulent concealment, statutory fraudulent concealment (California Civil Code sections 1572, 1573, 1709, 1710), and for violations of the California Auction Act (California Civil Code section 1812.601 *et seq.*) and California Business & Professions Code section 17200.

Plaintiff's entire Complaint is premised upon an alleged transaction in which he participated with SnapNames on July 21, 2006 in an online auction. But, Plaintiff admits that Oversee, which is SnapNames' parent company, did not acquire SnapNames until 2007. Consequently, Plaintiff does not allege facts linking Oversee's conduct to the injury claimed by Plaintiff to have occurred in 2006 and, therefore, lacks Article III standing to assert any claims against Oversee.

Additionally, Plaintiff's claims against both Defendants fail for the following reasons:

(1) Plaintiff fails to state a claim for violation of the California Auction Act because, by its terms, the Act does not apply to the online auctions conducted by SnapNames or any other entity.

(2) Plaintiff fails to state a claim for breach of fiduciary duty, where Plaintiff alleges only an arms' length transaction between SnapNames and Plaintiff, which is insufficient to create a fiduciary duty as a matter of law.

(3) Plaintiff fails to state a claim for either statutory or common law fraudulent concealment because Plaintiff fails to allege an essential element of such claims: that Defendants had any duty of disclosure to him.

(4) Plaintiff fails to state a claim for violation of California Business & Professions Code section 17200 to the extent the claim purports to be predicated upon statutory violations and a concealment that Plaintiff has failed to adequately allege.

For these reasons, all of Plaintiff's claims against Oversee should be dismissed. Plaintiff's claims against both Defendants for violation of the California Auction Act, breach of fiduciary duty, and statutory and common law concealment likewise should be dismissed in their entirety. And, Plaintiff's Section 17200 claim should be dismissed to the extent it is predicated upon statutory violations and a concealment that Plaintiff has failed to adequately allege. Defendants thus respectfully request that this Court grant their Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(6).

## **Statement of Relevant Facts**

As a general matter, SnapNames conducts online auctions on the Internet to sell domain names.[1] Complaint, ¶¶ 12, 18. From 2005-2009, an employee of SnapNames, through an alias, bid in a number of those auctions, thereby allegedly "artificially raising sale prices" in those auctions. *Id.*, ¶¶ 19, 20. In November 2009 SnapNames voluntarily disclosed that one of its employees had bid in certain auctions through an alias and offered to compensate certain affected bidders. *Id.*, ¶ 24.

Here, Plaintiff participated in a SnapNames auction on July 21, 2006. *Id.*, ¶ 26. He won the auction by submitting a winning bid for a domain name. *Id.*, ¶¶ 28, 29.

---

[1] "The location of individual sites on the internet is denoted by an internet protocol ('IP') address composed of a string of four groups of digits separated by periods. Each site has a unique numeric internet address. For ease of access, the numeric addresses typically correspond to more easily remembered alphanumeric 'domain names' (such as <google.com>), which internet users can enter in their web browser to access specific sites." *Sold Host v. Namecheap, Inc.*, 2009 WL 2225726 at * 1 (C.D. Cal.) (internal citations omitted).

1    However, the SnapNames employee participated in that auction, and, as a result,

2    Plaintiff "overpaid" by $20 for a domain name. *Id.*, ¶¶ 27, 31.

3    　　　Notably, though, Plaintiff admits that Oversee did not acquire SnapNames until

4    2007. *Id.*, ¶ 11.

5    　　　In November 2009, Plaintiff filed a putative class action against SnapNames and

6    Oversee, purporting to allege claims for breach of fiduciary duty, restitution/unjust

7    enrichment, common law fraudulent concealment, statutory fraudulent concealment

8    (California Civil Code sections 1572, 1573, 1709, 1710), and for violations of the

9    California Auction Act (California Civil Code section 1812.601 *et seq.*) and California

10   Business & Professions Code section 17200.

11

12   **Argument**

13

14   I.    THE STANDARD FOR A RULE 12(B)(6) MOTION.

15   　　　Under Federal Civil Procedure Rule 12(b)(6), dismissal is proper where there is

16   an absence of sufficient facts to support a cognizable legal theory. *Navarro v. Block*,

17   250 F. 3d 729, 732 (9th Cir. 2001); *see* Fed. R. Civ. P. 12(b)(6).  When considering a

18   motion to dismiss under Rule 12(b)(6), the court typically must "'accept all allegations

19   of fact in the complaint as true and construe them in the light most favorable to the

20   plaintiff.'" *Matoff v. Brinker Restaurant Corp.*, 439 F. Supp. 2d 1035, 1037 (C.D. Cal.

21   2006) (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

22   2003)).  However, conclusory allegations of law, unwarranted deductions of fact, and

23   unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v.*

24   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Ashcroft v. Iqbal*, ___ U.S.

25   __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, __ (2009) ( "[W]here the well-pleaded

26   facts do not permit the court to infer more than the mere possibility of misconduct, the

27   complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'")

28   *citing* Fed. R. Civ. P. 8(a)(2).

II.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE
CERTAIN CLAIMS.

A.    Plaintiff Does Not Have Standing to Assert *Any* Claims Against Oversee.

Plaintiff purports to allege claims against Oversee, but such claims fail as a matter of law because Plaintiff does not meet a jurisdictional prerequisite to its assertion: standing.

All of Plaintiff's claims are based upon an alleged transaction with SnapNames on July 21, 2006. Complaint, ¶ 26. But, Plaintiff also admits in his Complaint that SnapNames was not acquired by Oversee until 2007. *Id.*, ¶ 11. Plaintiff offers no allegations linking Oversee to his alleged injury purportedly stemming from the transaction in 2006. Plaintiff thus lacks Article III standing to sue Oversee.

"To establish Article III standing, a plaintiff must demonstrate: '(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) **the injury is fairly traceable to the challenged action of the defendant**; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision.'" *Siemers v. Wells Fargo & Co.* 2006 WL 3041090 (N.D. Cal.) at *5 (emphasis added) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servcs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)); *accord Cady v. Anthem Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d 1102, 1105 (N.D. Cal. 2008). "Accordingly, if a plaintiff cannot trace an injury to a defendant, the plaintiff lacks standing with regard to that defendant." *Siemers v. Wells Fargo & Co.* 2006 WL 3041090 (N.D. Cal.) at *5.

Put simply, where a complaint does not allege that a plaintiff's alleged injury is traceable to a particular defendant, a motion to dismiss as to that defendant must be granted. *Id.* at *6 (dismissing complaint of putative class representative who could not allege the conduct of a particular defendant caused his injury). Accordingly, because

Plaintiff does not allege any link between his alleged injury in 2006 and Oversee, which acquired SnapNames in 2007, Plaintiff's claims against Oversee must be dismissed.

Nor does the fact that Plaintiff purports to allege claims on behalf of a class confer standing upon him. A "plaintiff who lacks Article III standing to sue a defendant may not establish standing 'through the back door of a class action.'" *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004) (quoting *Allee v. Medrano*, 417 U.S. 802, 828-829 (1974)). "Standing is one of the keys necessary to open the door to the federal courthouse. Rule 23 merely provides a procedural doorstop which holds the door open for qualified class members, once it has been opened by the person or persons initially seeking entry." *Id.* at 544 (quotation marks and citations omitted). Thus, "to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." *Id.* (dismissing claims against defendants other than the one against whom plaintiff could establish standing); *accord Cady v. Anthem Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d at 1106 (same); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 619 F. Supp. 2d 1062, 1072 (D. Nev. 2008) (same); *Quezada v. Loan Center of Cal., Inc.*, 2009 WL 5113506 at *2, fn 2 (E.D. Cal.). In other words, a named plaintiff must show that he "personally" has been injured by the defendant – "not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Cady v. Anthem Blue Cross Life and Health Ins. Co.*, 583 F. Supp. 2d at 1106 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). "If the named plaintiff fails to establish standing, he may not seek relief on behalf of himself or any other member of the class." *Id.* (citing *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. at 543 (quoting *Nelsen v. King County*, 895 F. 2d 1248, 1250 (9th Cir.

1   1990)).  For these reasons, Plaintiff does not have standing on behalf of himself or a

2   putative class to assert claims against Oversee.

3       Nor does Plaintiff have standing to assert claims against Oversee simply by

4   virtue of its corporate relationship with SnapNames.  "It is well-established that a

5   parent-subsidiary relationship alone is an insufficient basis on which to hold a parent

6   liable for a subsidiary's actions." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939,

7   944  (S.D. Cal. 2007); *see also United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998)

8   ("It is a general principle of corporate law deeply 'ingrained in our economic and legal

9   systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.")

10  (citations omitted); *accord Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements*

11  *Ltd.*, 328 F. 3d 1122, 1134 (9th Cir. 2003).

12      For the foregoing reasons, therefore, all of Plaintiff's claims against Oversee

13  must be dismissed as a matter of law.

14

15  B.    Plaintiff Fails to State a Claim Under the California Auction Act.

16

17      The California Auction Act does not apply to Defendants' conduct as a matter of

18  law.  The California Auction Act, California Civil Code section 1812.601 *et seq.*,

19  regulates certain conduct by "auction companies" as defined by the Act.  *See* Cal. Civ.

20  Code § 1812.602 *et seq.*  But "[t]he Auction Act was enacted before Internet 'auctions'

21  . . . were in vogue," and simply does not apply to the conduct of internet auction

22  companies like SnapNames.  *See Ewert v. eBay, Inc.*, 2008 WL 906162 at *1 (N.D.

23  Cal.).

24      Indeed, this issue was recently addressed by the Court in *Ewert v. eBay, Inc.*,

25  2008 WL 906162 (N.D. Cal.), where the defendant was eBay, Inc., an online auction

26  company that runs auctions in a method similar to SnapNames' auctions.  *See id.*

27  There, the Court granted defendant's motion to dismiss, holding that the California

28  Auction Act did not apply to defendant's conduct as a matter of law because, as here,

defendant was neither an "auctioneer" nor an "auction company" as defined by the California Auction Act, nor did it conduct "auctions" as defined by the Act.[2] *Id.* The court explained: "Plaintiff's attempt to place eBay's conduct within the scope of the Auction Act is like trying to put a round peg in a square hole. The Auction Act was enacted before Internet 'auctions' like eBay's and other similar business platforms were in vogue." *Id.*

Likewise, here, while Plaintiff alleges that Defendants "are both 'auction companies' as defined by Cal. Civ. Code § 1812.601(c)" (Complaint, ¶ 49), that allegation fails by simple reference to the definitions provided in the California Auction Act itself. Section 1812.601(c) defines an "auction company" as a person who carries out "auction" sales.[3] *Id.* An "auction" is defined as a sales transaction between an "auctioneer and the members of his or her audience, which exchanges consist of a series of invitations for offers . . . and culminate in the acceptance by the auctioneer of

---

[2] The Court also noted that reference to other provisions of the Act negate any suggestion that it could apply to eBay's conduct, as such provisions would be rendered "nonsensical." *Ewert v. eBay, Inc.*, 2008 WL 906162 at *1. One such example is the "requirement of the posting of an 18 x 24 inch sign at the entrance to the auction." *Id.*

[3] Section 1812.601(c) states in full: "'Auction company' means any person who arranges, manages, sponsors, advertises, accounts for the proceeds of, or carries out auction sales at locations, including, but not limited to, any fixed location, including an auction barn, gallery place of business, sale barn, sale yard, sale pavilion, and the contiguous surroundings of each." Cal. Civ. Code. § 1812.601(c).

DEFENDANTS' MOTION TO DISMISS

the highest or most favorable offer . . . ."[4]  Cal. Civ. Code § 1812.601(b).  An "auctioneer" is "any individual who is engaged in . . . the calling for, the recognition of, and the acceptance of, offers for the purchase of good at an auction."[5]  Cal. Civ. Code § 1812.601(d).

Thus, Defendants, like eBay in *Ewert v. eBay, Inc.*: (1) are not "auctioneers" as defined by the Act because they are not "individuals," (2) do not conduct "auctions" as defined by the Act because a sale does not "culminate" by acceptance by the auctioneer of the highest offer but, rather, at the expiration of the fixed period of time; (3) do not conduct "auctions" as defined by the Act because they do not have an auctioneer who makes a series of "calls for" offers; and (4) are not "auction companies" because they do not make "auction sales" as defined by the Act.  *See* Cal. Civ. Code § 1812.601(b)-(d); *Ewert v. eBay, Inc.*, 2008 WL 906162 at *1.

Accordingly, Defendants do not fall within the category of persons regulated by the California Auction Act, and Plaintiff thus fails to state a claim against them for its violation.

_____

[4] Section 1812.601(b) states in full: "'Auction' means a sale transaction conducted by means of oral or written exchanges, which include exchanges made in person or through electronic media, between an auctioneer and the members of his or her audience, which exchanges consist of a series of invitations for offers for the purchase of goods made by the auctioneer and offers to purchase made by members of the audience and culminate in the acceptance by the auctioneer of the highest or most favorable offer made by a member of the participating audience. However, auction does not include either of the following: (1) A wholesale motor vehicle auction subject to regulation by the Department of Motor Vehicles. (2) A sale of real estate or a sale in any sequence of real estate with personal property or fixtures or both in a unified sale pursuant to subparagraph (B) of paragraph (1) of subdivision (a) of Section 9604 of the Commercial Code."  Cal. Civ. Code. § 1812.601(b).

[5] Section 1812.601(d) states in full: "'Auctioneer' means any individual who is engaged in, or who by advertising or otherwise holds himself or herself out as being available to engage in, the calling for, the recognition of, and the acceptance of, offers for the purchase of goods at an auction."  Cal. Civ. Code. § 1812.601(d).

C.   <u>Plaintiff Fails to State a Claim for Breach of Fiduciary Duty</u>.

Plaintiff purports to state a claim for breach of fiduciary duty but has failed to plead any facts demonstrating a fiduciary relationship between Plaintiff and Defendants, and, thus, the claim fails as a matter of law.  Indeed, while Plaintiff conclusorily alleges "Defendant held positions of trust and confidence with Plaintiff" (Complaint, ¶77), Plaintiff alleges facts that disclose no more than an arm's length transaction between the Plaintiff and SnapNames.  Indeed, Plaintiff alleges only that he participated in a SnapNames auction, and "conducted a transaction . . . when he purchased an Internet domain name."  Complaint, ¶¶ 26-29, 31, 83.

These allegations are insufficient to impose any fiduciary obligation upon Defendants.  "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*, 634 F. Supp. 2d 1009, 1020 (N.D. Cal. 2007) (quoting *Committee On Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (1983)).  "Although parties may create fiduciary relationships by contract, '[m]ere contractual relationships, without more, do not give rise to fiduciary relationships.'" *Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*, 634 F. Supp. 2d at 1021 (quoting *Parrish v. Nat'l Football League Players Inc.*, 2007 WL 1624601, *4 (N.D. Cal. June 4, 2007) (citing *Oakland Raiders v. Nat'l Football League,* 131 Cal. App. 4th 621, 633-634 (2005))).  Thus, where a plaintiff does not plead any facts that demonstrate that the defendant ***agreed*** to a fiduciary relationship as part of a transaction, a claim for breach of fiduciary duty must be dismissed as a matter of law. *See Sonoma Foods, Inc. v. Sonoma Cheese Factory, Inc.*, 634 F.Supp.2d at 1021 (dismissing breach of fiduciary duty claim where plaintiff failed to plead any facts that would give rise to a fiduciary duty); *see also Headlands Reserve LLC v. Center for Natural Lands Management*, 523 F. Supp. 2d 1113, 1131 (C.D. Cal. 2007) (no

1  fiduciary relationship where litigants had been parties "in an arm's length

2  transaction"); *Garcia v. Coleman*, 2008 WL 4166854 (N.D. Cal.) (same).

3       Accordingly, because Plaintiffs has not any pled any facts that demonstrate

4  Defendants agreed in the alleged transaction at issue to undertake a fiduciary

5  relationship, Plaintiff fails to state claim for breach of fiduciary duty.[6]

6

7       D.    Plaintiff Fails to State a Claim for Either Statutory or Common Law

8            Fraudulent Concealment.

9

10      Plaintiff purports to state both a common law fraudulent concealment claim, and

11  a statutory fraudulent concealment claim based upon alleged violations of California

12  Civil Code sections 1710(3), 1572(3), and 1573(2).  Complaint, ¶¶ 61-69, 81-88.

13  "'[T]he elements of an action for fraud and deceit based on concealment are: (1) the

14  defendant must have concealed or suppressed a material fact, (2) the defendant must

15  have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have

16  intentionally concealed or suppressed the fact with the intent to defraud the plaintiff,

17  (4) the plaintiff must have been unaware of the fact and would not have acted as he did

18  if he had known of the concealed or suppressed fact, and (5) as a result of the

19  concealment or suppression of the fact, the plaintiff must have sustained damage.'"

20  *Blickman Turkus LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 868

21  (2008) (quoting *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th

22  603, 612-613 (1992); *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157-158 (2004)).

23  Here, Plaintiff has failed to allege facts sufficient to establish any "duty to disclose,"

24  and thus cannot state a claim for concealment.  *See Buckland v. Threshold Enterprises,*

25  *Ltd.*, 155 Cal. App. 4th 798, 807 (2007) ("to establish fraud through nondisclosure or

26  concealment of facts, it is necessary to show that the defendant 'was under a legal duty

27  to disclose them'") (quoting *Lingsch v. Savage*, 213 Cal. App. 2d 729, 735 (1963)).

28  ─────────────
[6] Nor has Plaintiff alleged any other basis for a fiduciary duty.

1   While Plaintiff alleges "Defendant had a fiduciary duty to Plaintiff" and a duty

2   of disclosure "under Cal. Civ. Code 1812.608(h)(2)" (Complaint, ¶ 85), those

3   allegations fail as a matter of law.   For the reasons set forth above, Plaintiff has not

4   adequately alleged any fiduciary relationship between Plaintiff and Defendants, and

5   thus Plaintiff's concealment claim cannot be premised upon any purported fiduciary

6   duty. *See Kudokas v. Balkus*, 26 Cal. App. 3d 744,750-751 (1972) (no fiduciary or

7   confidential relationship existed upon which a concealment claim could be predicated,

8   where parties were merely participants in an "arm's length transaction"); *Garcia v.*

9   *Coleman*, 2008 WL 4166854 (N.D. Cal.) (same).

10   Similarly, for the reasons set forth, above, California Civil Code section

11   1812.608(h)(2), which is part of the California Auction Act, has no application here,

12   and thus cannot be the basis for any "duty to disclose."  Even if Section 1812.608(h)(2)

13   were applicable here (which it is not), it does not purport to impose any sort of "duty

14   to disclose" on any party.  Section 1812.608(h)(2) states that it is a violation of the Act

15   to cause or allow an "owner, cosignor, or agent thereof" to bid on an item without

16   disclosing that he has reserved the right to so bid.  Cal. Civ. Code § 1812.608(h)(2).  In

17   other words, it merely defines a violation but does not impose any "duty."  And, in any

18   event, Plaintiff makes no allegation that any "owner, cosignor, or agent thereof"

19   "reserved" any right to bid that might have been disclosed here.  For the foregoing

20   reasons, therefore, Section 1812.608(h)(2) imposed no "duty to disclose" upon which

21   Plaintiff can premise his claims for fraudulent concealment.

22   Because Plaintiff has failed to adequately allege the essential element of a duty

23   to disclose, Plaintiff's claims for fraudulent concealment must be dismissed as a matter

24   of law. *See Blickman Turkus LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th

25   at 883-884 (concealment claim dismissed where plaintiff failed "to adequately allege a

26   duty of disclosure").

27   / / /

28   / / /

-11-
DEFENDANTS' MOTION TO DISMISS

1     E.    Plaintiff Fails to State a Claim for Violation of Business & Professions
2            Code Section 17200 to the Extent the Claim is Premised upon Alleged
3            Statutory Violations or a Concealment.
4
5            Plaintiff purports to allege violations of California Business & Professions Code
6     section 17200 based upon purported "unlawful, unfair, and/or fraudulent business
7     practices" by Defendants.  Complaint, ¶ 70.
8            Plaintiff cannot state a claim under the "unlawful" prong of Section 17200
9     because Plaintiff fails to state a claim for the violation of any other law.  "Under its
10    'unlawful' prong, 'the UCL borrows violations of other laws . . . and makes those
11    unlawful practices actionable under the UCL.'"  *Berryman v. Merit Property*
12    *Managaement, Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (quoting *Lazar v. Hertz*
13    *Corp.*, 69 Cal. App. 4th 1494, 1505 (1999)).  "Thus, **a violation of another law is a**
14    **predicate for stating a cause of action under the UCL's unlawful prong.**"  *Id.*
15    (emphasis added).
16           Here, the only purported predicate violations alleged by Plaintiff are violations
17    of the California Auction Act and statutory fraudulent concealment.  Complaint, ¶ 72.
18    But, for the reasons set forth, above, Plaintiff fails to state claims for the violation of
19    those statutes.  Under such circumstances, where a plaintiff fails to allege a predicate
20    violation of an underlying statute, a Section 17200 claim based upon an "unlawful"
21    business practice is "necessarily" defeated.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th at
22    1507 (plaintiff failed to state claim under "unlawful" prong of Section 17200, where
23    plaintiff failed to plead facts to support its allegations of statutory violations); *accord*
24    *Lopez v. Washington Mutual Bank*, 302 F.3d 900, 907 (9th Cir. 2002) (same); *Berryman*
25    *v. Merit Property Managaement, Inc.*, 152 Cal. App. 4th at 1554 (same).
26           Nor, of course, can Plaintiff state a claim under the "unfair" prong of Section
27    17200 to the extent such a claim is based upon the same alleged statutory violations.
28    *See* Complaint, ¶ 73(c).  A plaintiff cannot state a claim under the "unfair" prong of

Section 17200 by "bootstrap[ing]" a failed claim onto it. *Berryman v. Merit Property Management, Inc.*, 152 Cal. App. 4th at 1555 (plaintiff failed to state claim under "unfair" prong of Section 17200 by "bootstrap[ing]" a claim "they are not allowed to bring" onto a Section 17200 claim). Again, for the reasons set forth above, Plaintiff fails to state claims for violation of the California Auction Act and statutory fraudulent concealment. Accordingly, Plaintiff fails to state a claim for violation of Section 17200 based on any alleged "unfair" business practices predicated on the violation of those statutes. *See id.*

Additionally, Plaintiff cannot state any claim under Section 17200's "fraudulent" prong based upon any alleged concealment. While Plaintiff alleges that Defendants enaged in fraudulent business practices within the meaning of Section 17200 by, *inter alia*, "failing to disclose" certain facts (Complaint, ¶ 74(b)), those allegations fail as a matter of law. Though a Section 17200 violation may be shown by demonstrating at a minimum that "'members of the public are likely to be deceived,'" a court cannot find that "'a failure to disclose a fact one has no affirmative duty to disclose is "likely to deceive" anyone within the meaning of [Section 17200].'" *Berryman v. Merit Property Managaement, Inc.*, 152 Cal. App. 4th at 1556-1557 (quoting *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 839 (2006)). Accordingly, "absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of [Section 17200]." *Id.* at 1557. Because, for the reasons set forth in detail, above, Plaintiff has failed to allege any duty of disclosure here, Plaintiff's claim under the "fraudulent" prong of Section 17200 must fail to the extent it is predicated upon a purported concealment. *See id.* (plaintiff failed to state claim under "fraudulent" prong of Section 17200 based upon an alleged concealment, where plaintiff failed to allege any affirmative duty to disclose).

///

///

///

## Conclusion

All of Plaintiff's claims against Oversee must be dismissed because Plaintiff does not have standing to assert any claims against Oversee. Additionally Plaintiff's claims for violation of the California Auction Act, breach of fiduciary duty, and fraudulent concealment – both statutory and common law – must be dismissed for failure to allege facts sufficient to state any claim. Likewise, Plaintiff has failed to state a claim under Section 17200 to the extent the claim purports to be predicated upon any alleged "unlawful" conduct, any alleged "unfair" conduct based upon alleged statutory violations, and any alleged "fraudulent" conduct based upon any alleged concealment. For all of the reasons presented in this motion, Defendants respectfully request this Court grant their Motion to Dismiss with prejudice pursuant to Rule 12(b)(6).

Dated: January 11, 2010                    WILLENKEN WILSON LOH & LIEB LLP


                                           By: _s/William A. Delgado_____
                                               William A. Delgado
                                               Attorneys for Defendants
                                               Oversee.net and
                                               SnapNames.com, Inc.