1  SEAN REIS (sreis@edelson.com)
2  EDELSON MCGUIRE, LLP
   7700 Irvine Drive, Suite 800
3  Irvine, California 92618
   Telephone:  (714) 352-5200
4  Facsimile:  (714) 352-5201

5
6  JAY EDELSON (jedelson@edelson.com)
   MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
7  BENJAMIN H. RICHMAN (brichman@edelson.com)
   EDELSON MCGUIRE, LLC
8  350 North LaSalle Street, Suite 1300
   Chicago, Illinois 60654
9  Telephone: (312) 589-6370
   Facsimile: (312) 589-6378
10
11 ATTORNEYS FOR PLAINTIFF
12
13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15

| STEWART RESMER, an individual, on behalf of himself and all others similarly situated, | ) ) ) | Case No. CV 09-08497 MMM (VBKx) |
|---|---|---|
| Plaintiff, | ) ) ) | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE** |
| v. | ) ) ) | **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| OVERSEE.NET, INC., a California corporation, and SNAPNAMES.COM, INC., an Oregon Corporation, | ) ) ) | Judge Margaret M. Morrow |
| Defendants. | ) ) ) | Action Filed:  Nov. 18, 2009 |

Plaintiff's Response to Order to Show Cause

**a.  <u>Introduction</u>**

On January 26, 2010, the Court entered its Order to Show Cause Why the Instant Action Should not be Dismissed for Lack of Subject Matter Jurisdiction (the "Order").  (Dkt. 17.)  In its Order, the Court requested that Plaintiff provide an explanation as to why jurisdiction is appropriate under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. § 1332(d)) ("CAFA").  For the following reasons, Plaintiff had a good faith basis for pleading the requisites for maintaining CAFA jurisdiction, including that more than $5 million is in controversy.

**b.  <u>More than $5 million is in controversy</u>**

Plaintiff has expressly alleged that more than $5 million is at issue in this action.  (Compl. ¶¶ 8-9.)  Plaintiff bases those allegations not only upon the fact that he personally suffered $20 in damages as a result of Defendants' conduct, but also upon his understanding of the damages suffered by other putative class members.

While the analysis the Court used in its Order is sound, the injuries Plaintiff suffered as a result of Defendants' conduct were by no means the maximum incurred by class members on a per auction basis.  Indeed, throughout their investigation of this matter Plaintiff's counsel have spoken with numerous putative class members who purchased domain names at prices that were inflated by several hundreds of dollars on a per auction basis.  (Declaration of Benjamin H. Richman ¶ 3, a true and accurate copy of which is attached hereto as Exhibit A.)  By way of example, in one instance a putative class member received confirmation from Defendants that he overpaid more than $200 for a single domain name as a result of the alleged shill bidding.  (Richman Decl. ¶ 4.)  Plaintiff's counsel have not spoken with any potential class member who overpaid less than $20.  (Richman Decl.

Plaintiff's Response to Order to Show Cause

¶ 5.)  Therefore, using the median of this range (i.e. $110) there would be at least $5.5 million dollars at issue in this case.[1]

Based on his investigation, Plaintiff had more than a good faith basis to believe that the amount in controversy exceeded $5 million when he filed his Complaint.  *See In re Online DVD Rental Antitrust Litig.*, No. M 09-2029 PJH, 2009 WL 1955796, at *1 (N.D. Cal. July 6, 2009) ("under CAFA, the individual damages alleged per plaintiff is irrelevant for purposes of determining the amount in controversy…the issue is whether the class members' claims *in the aggregate* equal or exceed $5,000,000") (emphasis in original).

Thus, the Court may properly exercise jurisdiction over this matter pursuant to CAFA.

### c.  Conclusion

For the foregoing reasons, Plaintiff Stewart Resmer respectfully requests that the Court (1) finds that he has satisfied the requisites for CAFA jurisdiction, and (2) exercises its jurisdiction over this matter pursuant to CAFA.

Dated:  February 8, 2010                    EDELSON MCGUIRE, LLC


By:  /s/ Benjamin H. Richman
    BENJMAIN H. RICHMAN
    One of the Attorneys for Plaintiff

---

[1]     It should be noted that these calculations are based upon the damages suffered by members of the "Direct Effect Sub-class" only.  The "Global Effect Class" that Plaintiff seeks to represent is certainly broader, but further analysis is not necessary at this time given that the damages suffered by class members on a per auction basis clearly exceed CAFA's threshold.

1  SEAN REIS (sreis@edelson.com)
   EDELSON MCGUIRE, LLP
2  7700 Irvine Drive, Suite 800
3  Irvine, California 92618
   Telephone:  (714) 352-5200
4  Facsimile:  (714) 352-5201

5
   JAY EDELSON (jedelson@edelson.com)
6  MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
7  BENJAMIN H. RICHMAN (brichman@edelson.com)
   EDELSON MCGUIRE, LLC
8  350 North LaSalle Street, Suite 1300
9  Chicago, Illinois 60654
   Telephone: (312) 589-6370
10 Facsimile: (312) 589-6378

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Response to Order to Show Cause

1

## CERTIFICATE OF SERVICE

2

3    I, Benjamin H. Richman, an attorney, certify that on February 8, 2010, I served the above and foregoing *Plaintiff's Response to Order to Show Cause Why Action Should not be Dismissed for Lack of Subject Matter Jurisdiction*, by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system, on this the 8th day of February, 2010.

4

5

6

7                       William A. Delgado
                         Eileen M. Ahern
8                 Willenken Wilson Loh & Lieb LLP
9                707 Wilshire Boulevard, Suite 3850
                   Los Angeles, California 90017
10                     wdelgado@willenken.com
11                      eahern@willenken.com

12

13              ____/s/  Benjamin H. Richman___

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Response to Order to Show Cause