SEAN REIS (sreis@edelson.com)
EDELSON MCGUIRE, LLP
7700 Irvine Drive, Suite 800
Irvine, California 92618
Telephone: (714) 352-5200
Facsimile: (714) 352-5201

JAY EDELSON (jedelson@edelson.com)
MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
BENJAMIN H. RICHMAN (brichman@edelson.com)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEWART RESMER, an individual, on behalf of himself and all others similarly situated, | Case No. CV 09-08497 MMM (VBKx) |
| Plaintiff, | **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | Judge Margaret M. Morrow |
| OVERSEE.NET, INC., a California corporation, and SNAPNAMES.COM, INC., an Oregon Corporation, | Date: Monday, April 26, 2010<br>Time: 10:00 a.m.<br>Location: Courtroom 780 |
| Defendants. | Action Filed: Nov. 18, 2009 |

Plaintiff's Motion for Class Certification
Case No. CV 09-08497 MMM (VBKx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 26, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Margaret M. Morrow, in Courtroom 780 of the United States District Court for the Central District of California, Western Division, located at United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, Plaintiff Stewart Resmer will and hereby does move under Fed. R. Civ. P. 23(a) and (b)(2)-(3) and Local Rule 23-3 for an order certifying this case as a class action on behalf of two classes.

Pursuant to Fed. R. Civ. P. 23(a) and L.R. 23-3, Plaintiff moves for certification of one class and one sub-class under Counts I-VI of Plaintiff's Class Action Complaint.

The first proposed class, the Global Effect Class, consists of: All individuals and entities in the United States who bid in any SnapNames.com auction for Internet domain names during the time when SnapNames.com or Oversee.net employees or agents bid without disclosing that fact to the bidders (approximately January 1, 2005) through and including November 4, 2009.

The second proposed class, the Direct Effect Sub-Class, consists of: All individuals and entities in the United States (1) who bid in one or more SnapNames.com auctions for Internet domain names in which a SnapNames.com or Oversee.net employee or agent, including but not limited to the employee known as "halvarez," bid without disclosing that fact to the bidders, (2) whose bidding was affected by the employee bidding, and (3) who have not received complete compensation for any damage incurred as a result of the employee bidding.

Excluded from the Classes are (1) Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest; (2) any judge to whom this case is assigned and those judges' immediate families; and, (3) any attorney who appears in a case concerning the conduct alleged herein and those attorneys' immediate, blood, and marital family members.

Both classes are nationwide in scope.  In support of his motion, Plaintiff states as follows:

1. The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). After meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

2. In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond the pleadings to determine if the claims are suitable for resolution on a class-wide basis. *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

3. The numerosity prerequisite is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no "specific" number required, nor are the plaintiffs required to state the "exact" number of potential class members. *Celano*, 242 F.R.D. at 548. Generally, the numerosity requirement is satisfied when the class comprises 40 or more members. *See id.* at 549. Courts, additionally, have held that "[w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith,* 541 F. Supp. 351, 370 (C.D. Cal. 1982). In this case, the proposed Global Effect Class encompasses bidders in approximately 1 million auctions, and Plaintiff estimates the number of Global Effect Class members to exceed 10,000 persons. The proposed Direct Effect Sub-Class encompasses bidders in approximately 50,000 auctions (*see* Compl. ¶ 20), and Plaintiff estimates the number of Direct Effect Sub-Class members to exceed 1,000 persons. Accordingly, the proposed classes satisfy the requirement that the proposed classes be so numerous that joinder of their claims be impracticable. *See* Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the

hundreds, or thousands…In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.")

4. The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[P]laintiffs may demonstrate commonality by showing that class members have shared legal issues by divergent facts or that they share a common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007). "[O]ne significant issue common to the class may be sufficient to warrant certification." *Id.*

5. As alleged in this case, all members of the Global Effect Class share the common issue of whether they participated in a SnapNames auction during the time in which an employee of defendants participated in auctions without disclosing that fact to auction participants. As further alleged in this case, all members of the Direct Effect Sub-Class share the common issue of whether they participated in a SnapNames auction in which an employee of defendants participated without disclosing that fact to auction participants. These common issues among members of the classes result in common legal questions such as: (1) whether defendants' conduct violates the California Auction Law, Cal. Civ. Code § 1812.608(h)(2); (2) whether defendants engaged in fraud and shill bidding in violation of Cal. Civ. Code §§ 1572, 1573, 1709, and 1710; (3) whether defendants engaged in unfair, unlawful, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200; (4) whether defendants breached their fiduciary duties to members of the classes; (5) whether defendants fraudulently concealed material facts with the intent to deceive members of the classes; and, (6) whether defendants have unjustly received money belonging to the Plaintiff and members of the classes and whether under principles of equity and good conscience defendants should not be able to keep such monies.

6. The commonality requirement is therefore met. *See Dukes*, 509 F.3d at 1177.

7. Rule 23 next requires that Resmer's claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). "[T]ypicality focuses on the relationship of facts and issues between the class and

its representatives." *Dukes*, 509 F.3d at 1184, fn.12 (citation omitted) ("[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical[;] some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality").

8.      In this case, Plaintiff and the proposed class members were equally harmed by defendants as a result of a common course of conduct.  An employee of defendant SnapNames, a wholly-owned subsidiary of defendant Oversee.net, engaged in shill bidding in approximately 50,000 auctions, thereby affecting Plaintiff and each of the class members.  As a result of this conduct, Plaintiff and the proposed class members were damaged in a nearly identical manner.  Accordingly, Plaintiff's claims are typical of those of the classes.

9.      The final Rule 23(a) prerequisite requires that the proposed class representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

10.     In this case, Resmer has the same interests as the proposed class members—all have been affected by defendants' systematic shill bidding.  Therefore, Resmer has no interests antagonistic to the interests of the proposed classes.  Further, Class Counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class action lawsuits involving technology issues that are similar in size, scope and complexity to the present case. (*See* Exhibit A, resume of Class Counsel).  Accordingly, both Resmer and his counsel will adequately represent the classes.

11.     Once the subsection (a) prerequisites are satisfied, a plaintiff seeking certification under Rule 23(b)(2) or 23(b)(3) must satisfy several additional requirements.  Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds that apply

generally to the class, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2).  In this case, Defendants failed to inform Plaintiff and the other members of the classes that one or more employees of Defendants bid in their auctions, thereby affecting the ultimate prices they paid for domain names.  Likewise, Defendants failed to protect Plaintiff and the other members of the classes from such shill bidding.  Thus, Defendants acted and failed to act on grounds generally applicable to the classes as a whole, making final injunctive relief is necessary to protect Plaintiff and the classes from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

12. Next, Rule 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 519 F.3d 985, 991 n. 5 (9th Cir. 2008).

13. In this case, common issues of fact and law predominate.  Defendants' failure to notify class members of the fact that one or more of Defendants' employees was bidding in their auctions, as well as Defendants' failure to protect class members from such shill bidding, is common to all class members' claims and their damages, and predominates over any issues applicable to any individual members of the classes.

14. In addition, the instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiff and the classes' claims.  Absent a class action, most members of the classes would find the cost of litigating their claims to be prohibitive and such individual actions would be judicially inefficient.

15. Because Plaintiff's deadline under L.R. 23-3 for moving for class certification precedes the initial Case Management Conference and even the deadline to conduct a Rule 26 conference, Plaintiff was not able to engage in the discovery necessary to more thoroughly address the requirements of Rule 23 before moving for class certification.  Consequently, Plaintiff plans to

provide a complete memorandum of law in support of his motion for class certification upon completing sufficient class discovery.

**WHEREFORE**, Plaintiff Stewart Resmer respectfully requests that the Court (1) certify the Global Effect Class and Direct Effect Sub-Class as defined in his Complaint, (2) appoint Stewart Resmer as Class Representative, (3) appoint Michael J. Aschenbrener, Benjamin H. Richman, and Jay Edelson of Edelson McGuire, LLC as Class Counsel, (4) in the alternative, reserve ruling on Plaintiff's Motion for Class Certification until after Plaintiff has had an opportunity to conduct discovery related to the issues presented herein, and (5) provide any other or further relief that the Court deems equitable and just.

DATED: February 16, 2010                **STEWART RESMER**


                                              By: s/ Michael J. Aschenbrener
                                                 MICHAEL J. ASCHENBRENER
                                                 One of Mr. Resmer's Attorneys

# CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, an attorney, certify that on February 16, 2010, I served the above and foregoing ***Plaintiff's Motion for Class Certification***, by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system, on this the 16th day of February, 2010.

William A. Delgado<br>
Eileen M. Ahern<br>
Willenken Wilson Loh & Lieb LLP<br>
707 Wilshire Boulevard, Suite 3850<br>
Los Angeles, California 90017<br>
wdelgado@willenken.com<br>
eahern@willenken.com

By: s/ Michael J. Aschenbrener
    MICHAEL J. ASCHENBRENER
    One of Mr. Resmer's Attorneys